Strafford,
No. 4771.

JAMES T. LAMPESIS *v.* JOSEPH F. COMOLLI.

Argued November 3, 1959.

Decided December 1, 1959.

*Fisher, Parsons & Moran* (*Mr. Moran* orally), for the plaintiff.

*Orr* and *Reno* (*Mr. Reno* orally), for the defendant.

LAMPRON, J. An order by the Trial Court that all issues must be retried in order to afford a fair trial will ordinarily be sustained if there was evidence upon which it could be made. *West* v. *Railroad,* 81 N. H. 522, 534. The reason for this rule is that in most cases this is a question of fact to be determined by the Trial Court. *White* v. *Schrafft,* 94 N. H. 467, 472.

It is also well settled that a retrial for the correction of errors should be limited to the part of the case which might have been affected if the issues as to which no error occurred can be separated therefrom. *Morin* v. *Company,* 78 N. H. 567, 570; *Kilfoyle* v. *Malatesta,* 101 N. H. 473, 475.

It is equally well established that if a party fails to transfer in the manner and within the time prescribed by Rule 57 of the Superior Court (99 N. H. 617) his exceptions taken during the trial of a case he shall be deemed to have waived them. *Perreault* v. *Lyons,* 98 N. H. 317; *Latour* v. *Producers Dairy,* 102 N. H. 5, 7.

In these circumstances it becomes a question of law for this court whether there should be a retrial of the count in assumpsit which was withdrawn from consideration by the jury in the previous trial and as to which ruling no exception was transferred to this court. *West* v. *Railroad, supra,* 533. This is also true of the issues in the action for deceit which were withdrawn from the jury, namely, whether the defendant was acting as agent for Machinery Finance Corporation and whether he wrongfully failed to account for the proceeds of the repossession sale. This is especially true in this case where it was this court which decided in the first instance that "justice will now best be served by a complete new trial." *Lampesis* v. *Comolli,* 101 N. H. 491, 493.

We are of the opinion that the count in assumpsit and the two issues in the count for deceit previously mentioned are not to be retried. These questions are clearly identifiable and separable from the rest of the case. *Moulton* v. *Langley,* 81 N. H. 138, 141. It is not necessary that they be retried in order to assure plaintiff a fair trial as he has already had a full and fair opportunity to prove his case on these matters at the first trial. See *Piper* v. *Railroad,* 75 N. H. 435, 446. Defendant's exception to the denial of that part of his motion relating thereto is sustained. *Spead* v. *Tomlinson,* 73 N. H. 46, 50; *Moore* v. *Lebanon,* 96 N. H. 20, 22.

The issue of the plaintiff's alleged damages for repossession of

other equipment by other creditors is not in the same category. Plaintiff's count in deceit and the damages resulting therefrom is to be retried except as to the two issues disposed of above. The Trial Court has ruled that in the retrial the issue of damages "is to be re-tried subject to the Supreme Court opinion of April 24, 1958 [*Lampesis* v. *Comolli*, 101 N. H. 279] insofar as the same may prove to be applicable to the evidence offered and, if allowed, submitted to the jury." The Trial Court was clearly warranted in finding that this was necessary to assure a fair trial and this part of the order is sustained. *West* v. *Railroad*, 81 N. H. 522, 534; *Derosier* v. *Company*, 81 N. H. 451, 470.

> *Exceptions sustained in part and overruled in part.*

WHEELER, J., did not sit; the others concurred.